1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   STEPHEN H. TURNER, SB# 89627
2     E-Mail: Stephen.Turner@lewisbrisbois.com
   LARISSA G. NFULDA, SB# 201903
3     E-Mail: Larissa.Nefulda@lewisbrisbois.com
   221 North Figueroa Street, Suite 1200
4  Los Angeles, California 90012
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for Defendants
   HEALTHWAYS, INC.
7  and HEALTHWAYS WHOLEHEALTH
   NETWORKS, INC.

8

9

10

11

12

                    UNITED STATES DISTRICT COURT

           CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

                    LACV14-8022 BRO (JCx)

| | |
|---|---|
| EDWARD SIMON, DC, individually and on behalf of all others similarly situated, | CASE NO. |
| | **NOTICE OF REMOVAL** |
| Plaintiffs, | |
| vs. | |
| HEALTHWAYS, INC., a Delaware corporation; HEALTHWAYS WHOLEHEALTH NETWORKS, INC., a Delaware corporation; MEDVERSANT TECHNOLOGIES, L.L.C., a California limited liability company; and DOES 1 through 1,000, inclusive, | **[Filed Concurrently with Declarations of Martie Stabelfeldt and Larissa G. Nefulda]** |
| Defendants. | |

23      In accordance with 28 U.S.C. §§ 1332, 1348, 1441, and 1446, and 1453,

24  defendants HEALTHWAYS, INC. and HEALTHWAYS WHOLEHEALTH

25  NETWORKS, INC. (collectively "Healthways"), preserving all jurisdictional

26  objections and other defenses and through its counsel of record, Lewis Brisbois

27  Bisgaard & Smith LLP, hereby gives notice to this Court, the Clerk of the Superior

28  Court in and for Los Angeles County, and Plaintiff Edward Simon, DC ("Plaintiff"),

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  of Healthways' removal of the state court action commenced in the Superior Court
2  in and for Los Angeles County, California, entitled *Edward Simon, DC, individually*
3  *and on behalf of all others similarly situated v. Healthways, Inc., et al.,* Case No.
4  BC557772, to the United States District Court for the Central District of California.
5  In support of this Notice of Removal, Healthways respectfully states as follows:

6

7  ## Basis for Federal Court Jurisdiction – Federal Question

8      This action is a civil action of which this Court has original jurisdiction under
9  28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to the
10  provisions of 28 U.S.C. § 1441(a) in that it arises under the Telephone Consumer
11  Protection Act ("TCPA"), 47 U.S.C. § 227.  As noted by the United States Supreme
12  Court, federal and state courts have concurrent jurisdiction over private suits arising
13  under the TCPA.  Section 227(b)(3) does not vest jurisdiction exclusively in state
14  courts over private TCPA actions and does not divest federal district courts of
15  federal question jurisdiction under 28 U.S.C.S. § 1331.  *Mims v. Arrow Fin. Servs.,*
16  *LLC*, 132 S. Ct. 740 (U.S. 2012).

17

18  ## Basis for Federal Court Jurisdiction – Class Action Fairness Act

19      In accordance with 28 U.S.C §§ 1332(d)(2), 1446, and 1453, Healthways also
20  removes this putative class action to this Court in accord with the prerequisites for
21  federal jurisdiction established by the Class Action Fairness Act ("CAFA"), on the
22  basis that (a) the amount in controversy exceeds the sum or value of $5,000,000,
23  exclusive of interest and costs; (b) minimal diversity exists because the named
24  Plaintiff is a citizen of a state different from the defendants, Healthways, Inc. and
25  Healthways Wholehealth Networks, Inc. and; (c) the number of the members of the
26  proposed Plaintiff class substantially exceeds 100 persons; (d) none of the
27  defendants: Healthways, Inc., Healthways Wholehealth Networks, Inc., and
28  Medversant Technologies, LLC, are either a State, a State official, nor a

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

2

1  governmental entity against whom the district court would be foreclosed from
2  ordering relief; and (e) none of the exceptions to CAFA jurisdiction apply.  The
3  Summons and Complaint are attached to this Notice of Removal as <u>Exhibit A</u>.

4

5              **All Defendants Consent To Removal**

6      Defendant Medversant Technologies has consented to a removal of this
7  action.  (*See* Larissa G. Nefulda Declaration, ¶ 2.)

8

9          **Summary of Demands in the State Court Complaint**

10     The putative "Class Action Complaint" that the Plaintiff filed in Los Angeles
11 Superior Court on September 16, 2014, arises out of an alleged facsimile
12 transmission of an advertisement.  The Complaint asserts claims for violation of the
13 Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and seeks
14 attorneys' fees and costs of suit.  (Complaint ¶¶ 23-270; p. 15, ¶ 6.)

15     The Plaintiff seeks to represent a putative class "that were at the time
16 subscribers of telephone numbers to which material that discusses, describes, or
17 promotes any of the Defendants' respective property, goods or services . . . was sent
18 via facsimile transmission, commencing within four years preceding the filing of
19 this action. . ."  (Complaint, ¶ 17)

20

21              **Timely Removal**

22     Within 30 days of the date this Notice of Removal was filed, Healthways was
23 personally served with a copy of the Summons and Complaint in the state court
24 action on September 25, 2014.  This Notice of Removal is timely under 28 U.S.C. §
25 1446(b) because it is filed within 30 days of service of process.  *Murphy Bros., Inc.*
26 *v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

27

28

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

## CAFA Federal Court Jurisdiction

CAFA provides a basis for original jurisdiction over putative class actions in which there is minimal diversity, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and there are 100 or more proposed class members. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 678 (9th Cir. 2006); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013).

Further, and without excusing the Plaintiff of his burden of proof on the point, none of the exceptions to CAFA jurisdiction applies. Because the Court has original jurisdiction over this action, it is properly removable pursuant to 28 U.S.C. §§ 1441(a) and 1453.

Healthways, as the party seeking removal under diversity, bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.2007).

### A.     Healthways has demonstrated minimal diversity of citizenship.

Healthways, Inc. and Healthways Wholehealth Networks, Inc., now and at the time of the filing of the complaint, are corporations organized and existing under the laws of the state of Delaware. (*See* Complaint, ¶¶ 6-7.)

Plaintiff, at the time of the filing of the Complaint, is domiciled and conducts business in the State of California. (*See* Complaint, ¶ 5.)

Accordingly, the minimal diversity requirements of CAFA are satisfied. 28 U.S.C. §§ 1332(d)(2)(A) and (d)(7).

### B.     The amount in controversy requirement is satisfied.

The CAFA amount in controversy threshold is satisfied here because the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-9386-7551.1

4

NOTICE OF REMOVAL

1  amount placed in controversy by the allegations and demands contained in the

2  Plaintiffs' Complaint substantially exceeds the sum or value of $5,000,000,

3  exclusive of interest and costs. *See* 28 U.S.C §§ 1332(d)(2) and (d)(6).

4      If the allegations of a state court complaint lack merit and there is no legal or

5  factual basis for the damages and relief claimed in the complaint, CAFA

6  jurisdictional requirements are still satisfied.  The amount in controversy is

7  evaluated based on what the plaintiff is *claiming* (and thus the amount in

8  controversy between the parties), not whether the plaintiff is likely to win or be

9  awarded everything he seeks. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395,

10  400 (9th Cir. 2010) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th

11  Cir.2008).

12      The Complaint demands damages in the form of "statutory damages in the

13  amount of $500 for each violation of the [TCPA] and the trebling of such statutory

14  damages, in an amount not less than $5,000,000" and Plaintiff's costs of suit and

15  attorneys' fees. (Complaint, p. 14, ¶¶ 4 and 6.)  The facsimile at issue was sent to

16  14,000 recipients during the relevant time period. (*See* Martie Stabelfeldt

17  Declaration, ¶ 4.)  Statutory damages of $500 for each of the 14,000 facsimiles puts

18  the amount in controversy at $7,000,000, exclusive of costs and attorneys' fees.

19      Trebling this amount puts the amount in controversy at $21,000,000,

20  exclusive of costs and attorneys' fees.  Accordingly, the amount in controversy

21  based on the Plaintiff's claims and request for relief, substantially exceeds

22  $5,000,000, exclusive of interest and costs.

23      Healthways' acknowledgement that the Complaint in this action asserts

24  allegations satisfying CAFA's amount in controversy requirement is not a validation

25  of the Plaintiff's claimed entitlement to damages, nor is it a concession by

26  Healthways that there is any validity to the Plaintiff's demand for damages or other

27  relief. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)

28  (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-9386-7551.1

5

1  in controversy is not proof of the amount the plaintiff will recover. Rather, it is an

2  estimate of the amount that will be put at issue in the course of the litigation.")). To

3  the contrary, Healthways unequivocally rejects and challenges the validity of

4  Plaintiff's allegations of liability, damages, and claimed entitlement to attorneys'

5  fees, notwithstanding the state court complaint's satisfaction of the jurisdictional

6  requirements of CAFA.

7

8       **C.**    **There are more than 100 class members in the putative class.**

9      As set forth in the declaration of Martie Stabelfeldt, the facsimile at issue was

10  sent to approximately 14,000 recipients during the relevant time period (*see* Martie

11  Stabelfeldt Declaration, ¶ 4.), thus establishing CAFA's requirement that there must

12  be at least 100 members of the proposed class. *See* U.S.C. § 1332(d)(5)(B).

13

14               **No CAFA Exception Prevents Jurisdiction**

15      Although it is the plaintiffs' burden to establish that one of the statutory

16  exceptions to CAFA jurisdiction exists, *Serrano v. 180 Connect, Inc.*, 478 F.3d

17  1018, 1019 (9th Cir. 2007), a review of the Complaint confirms that none of the

18  discretionary or mandatory exceptions to CAFA applies here. *See* 28 U.S.C. §§

19  1332(d) and 1453(d).

20

21               **Healthways Has Complied with All Remaining**

22                **Requirements for Removal**

23      Removal is appropriate to this Court because the United States Court for the

24  Central District of California embraces the district in which the State Court action

25  was pending. 28 U.S.C. § 1441(a).

26      In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal

27  will be filed with the Clerk of the Superior Court of Los Angeles County.

28      WHEREFORE, Healthways advises the Court that this action has been

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

1 | removed from the Superior Court for Los Angeles County to the United States
2 | District Court for the Central District of California.

3

4 | Dated: October 16, 2014                    LEWIS BRISBOIS BISGAARD & SMITH LLP

5

6 |                                        /s/ Larissa G. Nefulda
                                           Stephen H. Turner
7 |                                        Larissa G. Nefulda
                                           Attorneys for Defendants
8 |                                        HEALTHWAYS, INC. and
                                           HEALTHWAYS WHOLEHEALTH
9 |                                        NETWORKS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EXHIBIT A

**SUMMONS**
*(CITACION JUDICIAL)*

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** HEALTHWAYS, INC., a Delaware *(AVISO AL DEMANDADO):* corporation; HEALTHWAYS WHOLEHEALTH NETWORKS, INC., a Delaware corporation; MEDVERSANT TECHOLOGIES, L.L.C., a California limited liability company; and DOES 1 through 1,000, inclusive

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 16 2014

Sherri R. Carter, Executive Officer/Clerk
By Myrna Beltran, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** EDWARD SIMON, DC, *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court 111 North Hill Street Los Angeles, CA 90012 | **CASE NUMBER:** *(Número del Caso):* **BC557772** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* 213-452-6509
Scott Z. Zimmermann [SBN 78694]
Law Offices of Scott Z. Zimmermann
601 S. Figueroa Street, Ste. 2810
Los Angeles, CA 90017

| | |
|---|---|
| DATE: *(Fecha)* | SHERRI R. CARTER Clerk, by ____ MYRNA BELTRAN , Deputy *(Secretario)* *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Heathways Whole Health Networks, Inc.

SEP 16 2014

under: [X] CCP 416.10 (corporation)
[ ] CCP 416.20 (defunct corporation)
[ ] CCP 416.40 (association or partnership)
[ ] other *(specify):*

[ ] CCP 416.60 (minor)
[ ] CCP 416.70 (conservatee)
[ ] CCP 416.90 (authorized person)

4. [X] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal Solutions ® Plus

COPY

1   Law Offices of Scott Z. Zimmermann
     Scott Z. Zimmermann, SBN 78694

2   szimm@zkcf.com
     601 S. Figueroa Street, Suite 2610

3   Los Angeles, California 90017
     Telephone: (213) 452-6509

4   Facsimile: (213) 622-2171

5   Payne & Fears LLP
     C. Darryl Cordero, SBN 126689

6   cdc@paynefears.com
     Eric M. Kennedy, SBN 228393

7   emk@paynefears.com
     801 S. Figueroa Street, Suite 1150

8   Los Angeles, California 90017
     Telephone: (213) 439-9911

9   Facsimile: (213) 439-9922

10   Attorneys for Plaintiff
     Edward Simon, DC,

11   and for all others similarly situated

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

SEP 16 2014

Sherri R. Carter, Executive Officer/Clerk

By Myrna Beltran, Deputy

12

13           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14                **FOR THE COUNTY OF LOS ANGELES**

15                                **BC 5 5 7 7 7 2**

16   EDWARD SIMON, DC, individually      Case No.
     and on behalf of all others similarly

17   situated,                        **CLASS ACTION**

18           Plaintiff,          **Complaint for Violations of the Junk**
         v.                       **Fax Prevention Act (47 U.S.C. § 227)**

19                           **and 47 C.F.R. § 64.1200); Demand for**
     HEALTHWAYS, INC., a Delaware      **Jury Trial; Exhibit**

20   corporation; HEALTHWAYS
     WHOLEHEALTH NETWORKS, INC,,     **[CAL. CIV. PROC. CODE §§ 382, 410;**

21   a Delaware corporation;             **CAL. R. CT. 3.760]**
     MEDVERSANT TECHOLOGIES,

22   L.L.C., a California limited liability
     company; and DOES 1 through 1,000,

23   inclusive,

24           Defendants.

25

26

27       Plaintiff Edward Simon, DC ("Plaintiff"), brings this action on behalf of

28   himself and all others similarly situated, and alleges:

                                 1

COMPLAINT FOR VIOLATIONS OF THE JUNK FAX PREVENTION ACT -- CLASS ACTION

*(left margin, vertical text)* LAW OFFICES OF SCOTT Z. ZIMMERMANN

## Introduction

1. More than two decades ago the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") was enacted into law. The law responded to widespread complaints by American consumers and businesses about the cost, disruption and nuisance imposed by junk faxes. The law prohibited the transmission of facsimile advertising without first obtaining the express invitation or permission of the recipient. Despite its passage, consumers and businesses continued to be besieged with junk faxes. In 2005 Congress responded by strengthening the law by amending the TCPA through the Junk Fax Prevention Act of 2005 (collectively "JFPA" or the "Act").[1] As amended, the law requires a sender to include on its fax advertisements a clear and conspicuous notice that discloses to recipients their right to stop future faxes and explains how to exercise that right.

2. Plaintiff brings this class action to recover damages for and to enjoin junk faxing by Defendants in violation of the JFPA and the regulations of the Federal Communications Commission ("FCC") promulgated under the Act. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendants have, commencing within four years preceding the filing of this action, transmitted fax advertisements in violation of the JFPA and FCC regulations. Defendants' violations include, but are not limited to, the facsimile transmission of an advertisement on August 13, 2014, sent to Plaintiff's telephone facsimile machine via Plaintiff's facsimile telephone number, a true and correct copy of which advertisement is attached as Exhibit 1 hereto.

[1] Unless otherwise noted, all statutory references are to this statute in effect since 2005.

COMPLAINT FOR VIOLATIONS OF THE JUNK FAX PREVENTION ACT -- CLASS ACTION

LAW OFFICES OF SCOTT Z. ZIMMERMANN

3.      **Subject Matter Jurisdiction, Standing and Venue.** This Court has
subject matter jurisdiction over this matter and Plaintiff has standing to seek relief in
this Court because § (b)(3) of the Act authorizes commencement of a private action
to obtain statutory damages in the minimum amount of $500 for each violation of
the JFPA and/or FCC regulations, to obtain injunctive relief, or for both such
actions. Venue is proper in this Court because the cause of action asserted in this
Complaint arose in this County by reason of Defendants' transmission of junk faxes
to this County, including to Plaintiff.

4.      **Personal Jurisdiction.** This Court has personal jurisdiction over
Defendants because they each (i) regularly conduct business within the state of
California; (ii) directed the fax advertisements that are the subject of this Complaint
to recipients within the state of California; and (iii) committed at least some of their
violations of the JFPA and/or FCC regulations within the state of California.

### The Parties

5.      **Individual Plaintiff/Class Representative.** Plaintiff Edward Simon,
DC, is, and at all times relevant hereto was, a chiropractor, doing business within
this County at premises located in North Hollywood, and the subscriber of the
facsimile telephone number, (818) 761-8705, to which junk fax advertisements,
including Exhibit 1, were sent by Defendants.

6.      **Defendant Healthways, Inc.** Plaintiff is informed and believes, and
upon such information and belief alleges, that Defendant Healthways, Inc.
("Healthways Parent") is, and at all times relevant hereto was, a corporation
organized and existing under the laws of the state of Delaware and a public
company trading on NASDAQ.

COMPLAINT FOR VIOLATIONS OF THE JUNK FAX PREVENTION ACT -- CLASS ACTION

LAW OFFICES OF SCOTT Z. ZIMMERMANN

7.      **Defendant Healthways WholeHealth Networks, Inc.** Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Healthways WholeHealth Networks, Inc. ("Healthways") is, and at all times relevant hereto was, a corporation organized and existing under the laws of the state of Delaware and a wholly-owned subsidiary of Healthways Parent.

8.      **Defendant Medversant Technologies, L.L.C.** Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Medversant Technologies, L.L.C. ("Medversant") is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the state of California, with its principal offices located within this County.

9.      **Defendant Does 1 Through 1,000.** Plaintiff is unaware of the true names and capacities of Does 1 through 1,000, inclusive, and therefore sues such defendants by their fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of the fictitiously named defendants when they are ascertained.

10.     As used herein, the term "Defendants" refers, jointly and severally, to Defendants Healthways Parent, Healthways, Medversant and Does 1 through 1,000, inclusive, and the term "Defendant" refers singularly to any of the Defendants.

### The JFPA's Prohibition Against Junk Faxing

11.     By the early 1990s, advertisers had exploited facsimile telephone technology to blanket the country with junk fax advertisements. This practice imposed tremendous disruption, annoyance, and cost on American consumers and businesses. Among other things, junk faxes tie up recipients' telephone lines and

4

1    facsimile machines, misappropriate and convert recipients' fax paper and toner, and
2    require recipients to sort through faxes to separate legitimate faxes from junk faxes,
3    and to discard the latter. Congress responded to the problem by passing the TCPA.
4    The law was enacted to eradicate "the explosive growth in unsolicited facsimile
5    advertising, or 'junk fax.'" H.R. Rep. No. 102-317 (1991).

6

7        12.    The original law did not achieve its objectives, however. In the decade
8    following the law's enactment, however, American consumers and businesses
9    continued to be "besieged" by junk faxes because senders refused to honor requests
10   by recipients to stop.[2] Congress responded by strengthening the law by amending it
11   through the JFPA. The JFPA, for the first time, required senders to disclose on their
12   fax advertisements that recipients have the right to stop future faxes and to explain
13   how they can exercise that right (hereinafter collectively the "Opt-Out Notice
14   Requirements").[3]

15

16                          **Defendants' Illegal Junk Fax Program**

17

18       13.    Plaintiff is informed and believes, and upon such information and belief
19   alleges, that Exhibit 1 and the fax advertisements that are the subject of this
20   Complaint were designed as, intended as, and constituted advertisements under the
21   JFPA within their four corners and as part of Defendants' overall marketing
22   activities promoting their property, goods and services. For example, with respect
23   to Exhibit 1, Plaintiff is informed and believes, and upon such information and
24
_____
25   [2]    Federal Communications Commission, Report and Order on
     Reconsideration of Rules and Regulations Implementing the TCPA of 1991, 29
     Comm. Reg. 830 ¶ 186 (2003).
26
27   [3]    The Opt-Out Notice Requirements are contained in § 227 (b)(1)(C)(iii),
     (b)(2)(D) and (b)(E), the FCC's regulations found at 47 C.F.R. § 64.1200(a)(4)(iii)-
     (vi) and the FCC's 2006 order. *See* Federal Communications Commission, Report
28   and Order and Third Order on Reconsideration, 21 FCC Rcd. 3787 ¶ 26 (2006).

LAW OFFICES OF SCOTT Z. ZIMMERMANN

1    belief alleges, that Exhibit 1 is an advertisement within the ambit of the JFPA and
2    FCC regulations because, *inter alia*, it promotes and advertises the following: (1)
3    the trademark "Healthways" owned by Healthways Parent; (2) the national
4    discounted-fee physician network and wellness program operated by Healthways;
5    (3) the commercial availability and qualities of a product/service known as
6    "ProMailSource" on a subscription-fee basis for use within and without the
7    Healthways network and wellness program; (4) the website, promailsource.com (a
8    service, which itself is an advertisement within the ambit of the JFPA and FCC
9    regulations) and invites recipients to visit that website; (5) the trademark
10   "ProMailSource" owned by Medversant; and (6) the "partnership" between
11   Healthways and Medversant with respect to "ProMailSource."

12

13        14.    Plaintiff is informed and believes, and upon such information and belief
14   alleges, that each Defendant is directly and/or vicariously liable for the violations of
15   the JFPA and/or FCC regulations alleged herein because, *inter alia*, it: (i) was a
16   sender of the fax advertisements that are the subject of this Complaint because these
17   advertisements were sent on its behalf and/or its property, goods or services were
18   advertised or promoted in such advertisements; (ii) had involvement in the content,
19   preparation and/or transmission of the fax advertisements; (iii) received and retained
20   the benefits from the fax advertisements in the form of revenue and name and
21   trademark recognition and promotion; and (iv) had actual notice of the unlawful
22   activity constituting the violations alleged herein and failed to take steps to prevent
23   the same.

24

25        15.    Plaintiff did not give Defendants prior express invitation or permission
26   as defined in the JFPA (§ (a)(5)) to send to him Exhibit 1 to this Complaint or any
27   other fax advertisements. Plaintiff is informed and believes, and upon such
28   information and belief alleges, that Defendants sent or caused Exhibit 1 and other fax

LAW OFFICES OF SCOTT Z. ZIMMERMANN

6

1    advertisements to be sent without obtaining prior express invitation or permission

2    from other recipients. In sending these faxes, or causing them to be sent,

3    Defendants also failed to include the disclosures required by the Opt-Out Notice

4    Requirements, in further violation of the JFPA and FCC regulations. Indeed,

5    Exhibit 1 has no opt-out notice whatsoever.

6

7                              **Class Action Allegations**

8

9        16.    **Class Action.** This action is properly maintainable as a class action

10   because (a) there is an ascertainable class; and (b) there is a well-defined community

11   of interest in the questions of fact and law involved.

12

13       17.    **Class Definition.** The Plaintiff Class consists of all persons and

14   entities that were at the time subscribers of telephone numbers to which material

15   that discusses, describes, or promotes any of Defendants' respective property, goods

16   or services (whether separately or in combination with the property, goods or

17   services of any other Defendant) was sent via facsimile transmission, commencing

18   within four years preceding the filing of this action, including, without limitation,

19   Exhibit 1 to this Complaint ("Plaintiff Class"). Plaintiff reserves the right to amend

20   the class definition following completion of class certification discovery.

21

22       18.    **Class Size/Ascertainability.** Plaintiff is informed and believes, and

23   upon such information and belief alleges, that the number of persons and entities of

24   the Plaintiff Class is sufficiently numerous such that joinder of all members is

25   impracticable due to the class's size and due to the relatively small potential

26   monetary recovery for each Plaintiff Class member, in comparison to the time and

27   costs associated with joinder in the litigation on an individual basis. Plaintiff is

28   further informed and believes, and upon such information and belief alleges, that the

LAW OFFICES OF SCOTT Z. ZIMMERMANN

7

COMPLAINT FOR VIOLATIONS OF THE JUNK FAX PREVENTION ACT -- CLASS ACTION

1  identity of all class members is readily ascertainable from records and other
2  documents maintained by Defendants and/or third parties.

3

4      19.   **Community of Interest.** There is a community of interest in the
5  questions of fact and law involved because there are predominant questions of fact
6  and law (as more particularly alleged in paragraph 21) and because Plaintiff's claims
7  are typical of claims held by members of the Plaintiff Class, and Plaintiff and its
8  counsel can adequately represent the Plaintiff Class (as more particularly alleged in
9  paragraph 20)..

10

11     20.   · **Typicality and Adequacy of Representation.** The claims of Plaintiff
12  are typical of the Plaintiff Class because they were sent fax advertisements by
13  Defendants, have claims under the same statute and FCC regulations and are entitled
14  to the same damages and injunctive relief. The Plaintiff Class will be well
15  represented by Plaintiff and Plaintiff's counsel. Plaintiff appreciates the
16  responsibilities of a class representative and understands the nature and significance
17  of the claims made in this case. Plaintiff can fairly and adequately represent and
18  protect the interests of the Plaintiff Class because there is no conflict between his
19  interests and the interests of other class members as it regards this action. Proposed
20  class counsel have the necessary resources, experience (including extensive
21  experience in litigating claims under the TCPA/JFPA) and ability to prosecute this
22  case on a class action basis.

23

24     21.   **Common Questions of Law and Fact Are Predominant.** Questions
25  of law and fact common to the class predominate over questions affecting only
26  individual class members. ·

27

28           A.   **Common Questions of Fact.** This case presents numerous

LAW OFFICES OF SCOTT Z. ZIMMERMANN

8

questions of fact that are common to all class members claims. Plaintiff is informed and believes, and upon such information and belief alleges, that the case arises out of a common nucleus of facts and that Defendants have engaged in the same general course of conduct vis-à-vis class members, and all class members' damages arise out of that conduct.

B. **Common Questions of Law.** The case presents numerous common questions of law, including, but not limited to:

(1) whether the faxes are advertisements within the ambit of the JFPA and FCC regulations;

(2) who were the senders of the faxes that are the subject of this Complaint;

(3) whether and to what extent Defendants are vicariously liable for each other's acts or omissions that violate the JFPA and FCC regulations;

(4) Defendants' mode and method of obtaining the telephone numbers to which the faxes that are the subject of this Complaint were sent and whether that mode and method complied with the requirements of § (b)(1)(C)(ii) and FCC regulations;

(5) whether Defendants complied with the Opt-Out Notice Requirements of the JFPA and FCC regulations, and the legal consequences of the failure to comply with those requirements;

9

COMPLAINT FOR VIOLATIONS OF THE JUNK FAX PREVENTION ACT -- CLASS ACTION

1    (6)    what constitutes a knowing or willful violation of the JFPA
2    within the meaning of § (b)(3);

3

4    (7)    whether Defendants committed knowing and/or willful violations
5    of the JFPA and/or FCC regulations;

6

7    (8)    whether damages should be increased on account of Defendants'
8    knowing and/or willful violations of the Act and/or FCC regulations and, if so, by
9    what amount; and

10

11    (9)    whether injunctive relief as prayed for in the Complaint should
12    be entered.

13

14    22.    **Appropriateness and Manageability of Class Adjudication.** A class
15    action is an appropriate method for the fair and efficient adjudication of this matter
16    for several reasons:

17

18    A.    Prosecuting separate actions by individual class members would
19    create a risk of inconsistent or varying adjudications that would establish
20    incompatible standards of conduct for Defendants.

21

22    B.    Because Defendants have acted on grounds that apply generally
23    to the Plaintiff Class, injunctive relief is appropriate respecting the class as a whole.

24

25    C.    Common questions of law and fact, including those identified in
26    paragraph 21, predominate over questions affecting only individual members.

27

28

10

LAW OFFICES OF SCOTT Z. ZIMMERMANN

1      D.     Absent class certification there is a possibility of numerous

2  individual cases and, therefore, class adjudication will conserve judicial resources.

3

4      E.     Most members of the Plaintiff Class are not likely to join or

5  bring an individual action due to, among other reasons, the small amount to be

6  recovered relative to the time, effort and expense necessary to join or bring an

7  individual action. Because the statutory minimum damage is $500 per violation and

8  the JFPA does not authorize an award of attorneys' fees to a successful plaintiff,

9  individual action to remedy Defendants' violations would be uneconomical. As a

10  practical matter, the claims of the vast majority of the Plaintiff Class are not likely to

11  be redressed absent class certification.

12

13      F.     Equity dictates that all persons who stand to benefit from the

14  relief sought herein should be subject to the lawsuit and, hence, subject to an order

15  spreading the costs of litigation among the class members in relationship to the

16  benefits received.

17

18      G.     Class adjudication will serve to educate class members about

19  their rights under the Act and FCC regulations to stop unwanted junk faxes, a

20  particularly important public purpose given Defendants' failure to disclose to

21  recipients their right to stop future fax advertisements and how to exercise that right,

22  in violation of the JFPA and FCC regulations.

23

24      H.     This case is manageable as a class action because, among other

25  things:

26

27          (i)     Defendants and/or third parties maintain records that will

28  enable Plaintiff to readily ascertain class members and the number of facsimile

11

LAW OFFICES OF SCOTT Z. ZIMMERMANN

1    transmissions at issue and establish liability and damages.

2

3            (ii)    liability and damages can be established for Plaintiff and

4    the Plaintiff Class with the same common proofs.

5

6            · (iii)    statutory damages are provided for in the Act and are the

7    same for all members of the Plaintiff Class and can be calculated with mathematical

8    certainty.

9

10            (iv)    a class action will result in an orderly and expeditious

11    administration of claims, and it will foster economies of time, effort and expense.

12

13            (v)    a class action will contribute to uniformity of decisions

14    concerning Defendants' faxing policies and practices.

15

16            (vi)    as a practical matter, the claims of the Plaintiff Class are

17    likely to go unredressed absent class certification.

18

19        **Cause of Action for Violations of the JFPA and FCC Regulations**

20                        **(Against All Defendants)**

21

22        23.    **Incorporation.** Plaintiff and the Plaintiff Class reassert and reallege

23    the allegations set forth in paragraphs 1 through 22, above.

24

25        24.    **Defendants' Violations of the Act and FCC Regulations.**

26    Commencing within four years preceding the filing of this action, including, without

27    limitation, on August 13, 2014, Defendants violated the JFPA and FCC regulations

28    by, among other things, sending unsolicited advertisements and/or advertisements

12
COMPLAINT FOR VIOLATIONS OF THE JUNK FAX PREVENTION ACT -- CLASS ACTION

LAW OFFICES OF SCOTT Z. ZIMMERMANN

1   that violate the Opt-Out Notice Requirements from telephone facsimile machines,
2   computers, or other devices to telephone facsimile machines of Plaintiff and
3   members of the Plaintiff Class, within the United States.

5   25.   **Private Right of Action.** Under § (b)(3), Plaintiff has a private right of
6   action to bring this claim for damages and injunctive relief on behalf of himself and
7   on behalf of the Plaintiff Class to redress Defendants' violations of the Act and FCC
8   regulations.

10   26.   **Injunctive Relief.** Plaintiff is entitled have preliminary and permanent
11   injunctions issue to: (1) prohibit Defendants, their respective employees, agents,
12   representatives, contractors, affiliates and all persons and entities acting in concert
13   with them, from committing further violations of the Act and FCC regulations,
14   including, without limitation, the transmission of any unsolicited advertisements, or
15   of any advertisements that do not comply with the Opt-Out Notice Requirements;
16   (2) require Defendants to deliver to Plaintiff all records of fax advertisements sent
17   commencing within four years of the filing of this action, including all content sent
18   via facsimile, fax lists, and transmission records; (3) require Defendants to adopt
19   ongoing educational, training and monitoring programs to ensure compliance with
20   the JFPA and FCC regulations, and limiting facsimile advertising activity to
21   personnel who have undergone such training; (4) require Defendants to provide
22   written notice to all persons to whom Defendants sent, via facsimile transmission,
23   advertisements in violation the Act and/or FCC regulations, warning such persons
24   that the faxing of unsolicited advertisements or advertisements that do not comply
25   with the Opt-Out Notice Requirements violates the JFPA and that they should not be
26   led or encouraged in any way by Defendant's violations of the Act and/or FCC
27   regulations to send advertisements of their own that violate the Act and/or FCC
28   regulations; and (5) require Defendants to conspicuously place on the homepage of

LAW OFFICES OF SCOTT Z. ZIMMERMANN

13
COMPLAINT FOR VIOLATIONS OF THE JUNK FAX PREVENTION ACT -- CLASS ACTION

their websites the warnings contained in subsection 4 of this paragraph.

27.   **Damages.** Plaintiff and members of the Plaintiff Class are entitled to recover statutory damages in the minimum amount of $500 for each violation by Defendants of the JFPA and/or FCC regulations, as expressly authorized by § (b)(3)(B). In addition, Plaintiff is informed and believes, and upon such information and belief alleges, that Defendants committed their violations willfully and/or knowingly and that the amount of statutory damages should be increased up to three times, also authorized by § (b)(3)(B).

## Prayer for Relief

WHEREFORE, Plaintiff and the Plaintiff Class pray for judgment against Defendants, and each of them:

1.   Certifying a class described in paragraph 17 of the Complaint;

2.   Appointing Plaintiff as representative for the Plaintiff Class and awarding Plaintiff an incentive award for his efforts as class representative;

3.   Appointing Plaintiff's counsel as counsel for the Plaintiff Class;

4.   Awarding of statutory damages in the amount of $500 for each violation of the Act and/or FCC regulations and the trebling of such statutory damages, in an amount not less than $5,000,000, exclusive of interest and costs, according to proof;

14

COMPLAINT FOR VIOLATIONS OF THE JUNK FAX PREVENTION ACT -- CLASS ACTION

5.     Entering preliminary and permanent injunctions requested in paragraph 26 of the Complaint;

6.     Ordering payment of Plaintiff's costs of litigation, including, without limitation, costs of suit and attorneys' fees, spread among the members of the Plaintiff Class in relation to the benefits received by the Plaintiff Class;

7.     For pre-judgment interest;

8.     For such other and further relief as the Court shall deem just and proper.

### Jury Demand

Plaintiff demands trial by jury on all issues triable by jury.

DATED: September 5, 2014     LAW OFFICES OF SCOTT Z. ZIMMERMANN
                                                            and
                                                PAYNE & FEARS LLP

By: _____
            SCOTT Z. ZIMMERMANN
Attorneys for Plaintiff Edward Simon, DC, and for
all others similarly situated

LAW OFFICES OF SCOTT Z. ZIMMERMANN

15

# Exhibit 1

Aug 13 2014 13:36:12 Hedversend Corpor -> 



8187618785    Page BE1

PROMAILSOURCE™
HIPAA COMPLIANT SECURE EMAIL

August 13, 2014

### RE: Healthways HIPAA Compliance Announcement

Healthways is excited to announce our partnership with a HIPAA compliant email solution. ProMailSource™ is an email service, but unlike common email services, it is secure (cannot be hacked and protects the privacy of our mutual offices and patients). ProMailSource™ complies with HIPAA Privacy Rules (now being diligently enforced) that apply to all practitioners who treat patients.

This solution allows you to communicate PHI (Protected Health Information) via email. You will be able to communicate with Healthways, your patients, health plans, attorneys, and anyone you currently share PHI with.

#### How will ProMailSource™ benefit you?

- You can use ProMailSource™ to communicate securely with all your patients and other healthcare organizations. Your patients will appreciate your concern for their privacy.

- Reduce risk of fines for HIPAA violations of up to $1,500,000.

Healthways will be utilizing ProMailSource™ to communicate with our practitioners for Educational Materials, Claims Management Questions, Changes to network policies, Practitioner credentialing updates, Practitioner enrollment questions and more.

Healthways will continue to offer all of our existing communication options. We do find a HIPAA compliant email solution to be the most effective method to share and trade information with our practitioners.

#### How to subscribe to ProMailSource™

To subscribe, visit https://promailsource.com/healthways or call 1-855-252-4314.

As ProMailSource™ is a solution that is applicable beyond Healthways there is a cost to subscribe. ProMailSource™ is only $12.95 per month or an annual subscription of only $120 per year per mailbox.

As a valued Healthways partner, ProMailSource™ has agreed to waive its $100 implementation fee if you subscribe prior to September 5, 2014.

Sincerely,

M Stabelfeldt

Martie Stabelfeldt
Healthways WholeHealth Networks, Inc.
Vice President, Physical Medicine Operations

1                 **FEDERAL COURT PROOF OF SERVICE**

2        ***Simon v. Healthways, Inc., etc., et al.*** - File No. NEW NUMBER

3   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4       At the time of service, I was over 18 years of age and not a party to the action. My
  business address is 221 North Figueroa Street, Suite 1200, Los Angeles, CA 90012. I am
5   employed in the office of a member of the bar of this Court at whose direction the service was
  made.

6
      On October **16**, 2014, I served the following document(s): ***NOTICE OF REMOVAL***
7
      I served the documents on the following persons at the following addresses (including fax
8   numbers and e-mail addresses, if applicable):

9   Law Offices of Scott Z. Zimmermann       Payne & Fears LLP
  Scott Z. Zimmermann                  C. Darryl Cordero
10   601 So. Figueroa St., Ste. 2610        801 So. Figueroa St., Ste. 1150
  Los Angeles, CA 90017             Los Angeles, CA 90012
11   Tel: (213) 452-6509               Tel: (213) 439-9911
  Fax: (213) 622-2171               Fax: (213) 439-9922

12

13       The documents were served by the following means:

14   ☒     (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to
        the persons at the addresses listed above and I deposited the sealed envelope or package
15         with the U.S. Postal Service, with the postage fully prepaid.

16       I declare under penalty of perjury under the laws of the United States of America and the
  State of California that the foregoing is true and correct.
17
      Executed on October **16** 2014, at Los Angeles, California.
18

19

20                           Sue A. Vigil

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-4700-2911.1

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Edward Simon, DC

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

HEALTHWAYS, INC., a Delaware corporation; HEALTHWAYS WHOLEHEALTH NETWORKS, INC., a Delaware corporation;

**(b) County of Residence of First Listed Plaintiff** Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Law Offices of Scott Z. Zimmermann, 601 So. Figueroa St., #2610, Los Angeles, CA 90017; (213) 452-6509
C. Darryl Cordero (SBN: 126689); Payne & Fears LLP, 801 So. Figueroa St., Ste. 1150, Los Angeles, CA 90017; Tel: (213) 439-9911

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Stephen H. Turner (SBN: 89627) Larissa G. Nefulda (SBN: 201903)
LEWIS BRISBOIS BISGAARD & SMITH, 221 N. Figueroa St., #1200, Los Angeles, CA; Tel: 213) 250-1800

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No     ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff alleges defendants transmitted faxes in violation of the Telephone Consumer Protection Act, 47 U.S.C. Section 227.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

LACV14-8022     CIVIL COVER SHEET

FOR OFFICE USE ONLY:          Case Number:

CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes ☐ No | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☐ No | | ☐ NO. Continue to Question B.2. |
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☐ No | | ☐ NO. Continue to Question C.2. |
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes ☐ No | ☐ Yes ☐ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Western |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

American LegalNet, Inc.
www.FormsWorkFlow.com

CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed in this court?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are related when they: (1) arise from the same or a closely related transaction, happening, or event; (2) call for determination of the same or substantially related or similar questions of law and fact; or (3) for other reasons would entail substantial duplication of labor if heard by different judges. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____  DATE: October 16, 2014

Larissa G. Nefulda

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)). |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com

| 1 | **FEDERAL COURT PROOF OF SERVICE** |

**_Simon v. Healthways, Inc., etc., et al._** - File No. NEW NUMBER

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, CA 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On October 16, 2014, I served the following document(s): **CIVIL CASE COVER SHEET**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Law Offices of Scott Z. Zimmermann
Scott Z. Zimmermann
601 So. Figueroa St., Ste. 2610
Los Angeles, CA 90017
Tel: (213) 452-6509
Fax: (213) 622-2171

Payne & Fears LLP
C. Darryl Cordero
801 So. Figueroa St., Ste. 1150
Los Angeles, CA 90012
Tel: (213) 439-9911
Fax: (213) 439-9922

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on October 16, 2014, at Los Angeles, California.

Sue A. Vigil


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-4176-6687.1                                              3
DECLARATION OF MARTIE STABELFELDT IN SUPPORT OF REMOVAL